UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD A. WOODRUFF, | ) | Case No:  1:14 CV 837 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| LOUIS STOKES VETERANS | ) | |
| ADMINISTRATION VA HEALTHCARE | ) | MEMORANDUM OF OPINION |
| SYSTEMS OF OHIO, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants | ) | |

On April 18, 2014, plaintiff *pro se* Donald A. Woodruff filed this *in forma pauperis* action against defendants Louis Stokes Veterans Administration VA Healthcare Systems of Ohio and the Veterans Administration Office of Acquisitions and Materiel Management.[1]  While the allegations in the complaint are unclear, plaintiff appears to state that he entered into a contract with defendants to provide a facility and programs to assist homeless veterans.[2]  Services were provided by plaintiff pursuant to the contract, but there was a sharp decline in the need for services near the end of the first year of the contract period.  Plaintiff alleges defendants at that point misinterpreted and unilaterally modified the terms of the contract.  He seeks judicial review of an adverse decision of the Civilian Board of Contract Appeals ("CBCA").  He also asks for damages in the amount of $47,000.00 based on theories of slander and breach of contract.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if

---

[1]  Although the complaint also purports to be filed on behalf of Haven House for Veterans dba the DuckeGroupe, corporations and non-incorporated organizations cannot appear *pro se* in any litigation and are required to appear in court through an attorney.  *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991); *Paris v. Herman*, No. 99-5338, 2000 WL 571932 at *2 (6th Cir. May 3, 2000).  There is no indication Mr. Woodruff is a licensed attorney.

[2]  Plaintiff did not include a copy of the contract in his filings with the court.

it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

As a threshold matter, appeals seeking judicial review of CBCA decisions must be brought in the United States Court of Appeals for the Federal Circuit. *See*, 41 U.S.C. § 7107. Further, it is a jurisdictional prerequisite to a federal lawsuit that a claimant who seeks recovery based on tort from the United States must first file an administrative claim under the Federal Tort Claims Act ("FTCA"). *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982). As there is no allegation plaintiff presented an administrative claim to the appropriate federal agency, his slander claim is fatally deficient. *Altman v. Connally*, 456 F.2d 1114, 1116 (2d Cir. 1972). Finally, plaintiff's contract claim for money damages against the United States is in excess of $10,000.00. Exclusive jurisdiction therefore rests with the United States Court of Claims. *See* 28 U.S.C. §§ 1346(a) and 1491(a); *Matthews v. United States*, 810 F.2d 109, 111 (6th Cir.1987).

Accordingly, the request to proceed *in forma pauperis* is granted, and plaintiff's claims for judicial review and slander are dismissed without prejudice under section 1915(e). Plaintiff's damages claim for breach of contract is hereby transferred to the United States Court of Claims. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

October 8, 2014

---

[3] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without  service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).